[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
REPORT OF ATTORNEY TRIAL REFEREE
I. FINDINGS OF FACT
1. The parties stipulated that all evidence taken on the case bearing docket number 508292 will be admitted for whatever purposes necessary in the case bearing docket number 510438.
2. The Plaintiff, a long time gun collector owning an extensive collection, purchased three semi-automatic rifles in April of 1986 from Ron's Gun's (Plaintiff's Ex. 18) for conversion to fully automatic machine guns and based upon Ron Rando's recommendation (the owner of Ron's Gun's), the Plaintiff contacted the Defendant on or about April 16, 1986 to discuss and arrange for such conversions.
3. The Bureau of Alcohol, Firearms and Tobacco (hereinafter BATF), a division of the United States Department of the Treasury regulates the sale and transfer of certain weapons, referred to as Title Two weapons, through a permitting tax stamp process. Semi-automatic weapons are referred to as Title One weapons and upon conversion to fully automatic weapons, they become Title Two weapons. Title Two weapons are required to be registered with the BATF under the National Firearms ACt (26 USCS 5801 et seq., hereinafter NFA). Such registration is made after sufficient conversion work is done on a Title One weapon to qualify it as a Title Two weapon, by the filing of a Form 2 with the BATF and payment of the necessary transfer fees. Upon BATF approval of a Form 2, such weapon becomes an NFA weapon; it can then only be further transferred by the owner to whom it has been registered on the Form 2, to another dealer or individual, upon the filing and approval by the BATF of a Form 4 (together with necessary fees). Only upon BATF approval of a Form 4 can a licensed dealer transfer an NFA weapon to another dealer or individual. Licensed dealers are CT Page 7887 required to keep written records for inspection by the BATF of all acquisitions, remanufactures and dispositions of NFA weapons (hereinafter NFA registry).
4. It is the custom and usage in the trade for the transferor of an NFA weapon to submit Form 4's to the BATF for approval, after completion of the Form 4 by the proposed transferee.
5. On April 16, 1986, the Plaintiff delivered to the Defendant's place of business the three semi-automatic rifles purchased by him from Ron's Gun's; after discussing with William Wittstein (hereinafter Wittstein), the President of the Defendant, various options for conversion of the semi-automatic rifles into fully automatic weapons, he left the weapons with the Defendant for conversion.
6. Wittstein initially thought the three rifles delivered by the Plaintiff had been brought to him by Ron's Gun's and in his NFA registry logged them in under the name Ron's Gun's (Ex. 20G, page 25 Acquisition, lines 27, 28, 29). On the same date (e.g. April 16, 1986), the Plaintiff delivered these three rifles, the Defendant performed a sufficient amount of remanufacturing work on them so as to make them registerable as Title Two fully automatic weapons, and Defendant so reflected such conversion in his NFA Registry (Plaintiff's Ex. 20G, p. 25, Disposition, lines 27, 28, 29).
7. The Plaintiff did not pay the Defendant until December 22, 1986 for the conversion work on the three rifles, at which time the Plaintiff returned to Defendant's place of business and delivered to Defendant the three Form 4's which he had completed after they had been signed and sent to him by Valerie Wittstein (Vice President of the Defendant). The Plaintiff also decided, on that date, to purchase a Project C Suppressor from the Defendant; therefore, an additional Form 4 was given to his at that time for completion and return to the Defendant for processing with the BATF.
8. On said date, December 22, 1986, the Plaintiff fully paid the Defendant for conversion of the three rifles and for the Project C suppressor and paid for all BATF tax stamps and sales taxes and the Defendant provided to Plaintiff an order acknowledgment form. (Plaintiff's Ex. 4) The order acknowledgment form identifies the Project C Suppressor purchased by a serial number (#S-0708), which was also inserted on the Form 4 furnished to Plaintiff (Plaintiff's Ex. 5).
9. The Plaintiff returned the Form 4 for the Project C suppressor purchased on December 22, 1986 (Plaintiff's Ex. 4 fourth item) to the Defendant by mail, in January of 1987 the Defendant claims never to have received it but at no time did Defendant so advise the Plaintiff during any of the numerous monthly CT Page 7888 phone calls made by the Plaintiff to Defendant between May of 1987 March 1988 and a reasonable inference can be drawn that the Defendant misplaced this Form 4.
10. BATF approval was obtained on March 10, 1987 for the Plaintiff's three rifles to be transferred by the Defendant to the Plaintiff and the Defendant received approved transfer forms from 11 the BATF shortly thereafter. (Plaintiff's Ex. 1, 2 and 3; T., 11/28/90, pp. 129-130).
11. Plaintiff was able to obtain possession of the three semi-automatic rifles converted to machine guns (the first three items in Plaintiff's Ex. 4) pursuant to a prejudgment order of replevin issued by this Court at the commencement of the instant legal action; the sheriff delivered these rifles to Plaintiff on or about June 9, 1989 with transfer tax stamps and approved BATF forms. However, there was no approved BATF Form 4 or transfer tax stamps for the Project C suppressor so that the sheriff did not deliver the suppressor replevied by him pursuant to the Court's prejudgment remedy order.
12. The suppressor replevied by the sheriff had a serial number of #S-0273; the Plaintiff discovered in June of 1989 that the Defendant had substituted the #S-0273 suppressor for the #S-0708 suppressor purchased by Plaintiff in December of 1986 (fourth item on Plaintiff's Ex. 4).
13. At about the time of the replevin, Wittstein indicated to the Plaintiff that the BATF must have lost the Form 4 for the Project C suppressor (fourth item on Plaintiff's Ex. 4), while at the time of trial Wittstein testified that the Defendant had never received this Form 4 back from the Plaintiff.
14. After June of 1989, the Plaintiff received a substitute Form 4 to be completed for the Project C suppressor and returned it by August of 1990 to the Defendant.
15. The suppressor purchased by the Plaintiff in December 1986 (Plaintiff's Ex. 4) was listed as having a serial number of #S-0708 on Plaintiff's order acknowledgment; however, on the substitute Form 4 sent to Plaintiff in June of 1989 this suppressor was listed with a serial number of #S-0273 (Plaintiff's Ex. 9).
16. The Defendant is currently in possession of a completed Form 4, 4, for the suppressor which has since been substituted (e.g. #S-0273) for the suppressor which was originally purchased in December of 1986 (e.g. #S-0708). The completed Form 4 (Plaintiff's Ex. 9) is in Defendant's possession but Defendant refuses to process it with BATF. CT Page 7889
17. The Defendant makes no claim to having any right to possession of the three semi-automatic weapons delivered to Defendant for conversion on April 16, 1986 and described in paragraphs a, b, and c of Schedule A of the Plaintiff's Complaint. The Defendant secured BATF approval to transfer them to the Plaintiff on May 10, 1987 and completed the remanufacturing work on them very shortly before they were replevied by the sheriff on June 9, 1989 pursuant to the Court's prejudgment remedy order of replevin. These weapons have been delivered by the sheriff to the Plaintiff.
18. A pre judgment order of replevin was issued by the Court to replevy #S-0708, however when the sheriff attempted to replevy #S-0708, the Defendant had already substituted #S-0273. Therefore, the sheriff has #S-0273 in his possession but with no approved BATF form so that it is still registered to Defendant as a Title Two NFA weapon.
II. CONCLUSIONS
1. The Plaintiff is entitled to a judgment of replevin for immediate possession of those items listed in paragraphs a, b and c of Schedule A of his Complaint.
2. The Plaintiff's request to replevin suppressor #S-0708 is denied because of the lack of approved BATF transfer forms for either #S-0708 or the substituted #S-0273; therefore, the AWCO Project C HK 33 Suppressor, #S-0273 should be returned by the sheriff to the Defendant.
3. The Plaintiff should be released from it bond in this action given on May 2, 1989.
Attorney Trial Referee JANE W. FREEMAN